UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE RENEE RODRIGUEZ,<br>Plaintiff,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | No. 2:25-cv-02590-DC-CSK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 9) |

This matter is before the court on Plaintiff's motion to remand the case to the Sacramento County Superior Court. (Doc. No. 9.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 10.) For the reasons explained below, the court will deny Plaintiff's motion to remand.

**BACKGROUND**

On August 5, 2025, Plaintiff Jamie Renee Rodriguez filed the complaint initiating this action in the Sacramento County Superior Court against Defendant General Motors LLC. (Doc. No. 1-1 at 6–14.) The proof of service attached to that complaint states that Defendant was served with the complaint on August 7, 2025. (*Id.* at 2–5.)

In the complaint, Plaintiff alleges that on November 29, 2021, Plaintiff purchased a new 2022 GMC Sierra 1500 (the "Subject Vehicle") manufactured and/or distributed by Defendant. (Doc. No. 1-1 at ¶¶ 6, 9.) During Plaintiff's ownership of the Subject Vehicle, the Subject Vehicle

manifested defects rendering it non-conforming with Defendant's express and implied warranties. (*Id.* at ¶¶ 14, 31.) Despite Plaintiff bringing the Subject Vehicle to Defendant's authorized service and repair facilities, Defendant has failed to conform the Subject Vehicle to the applicable warranties or to otherwise comply with its obligations under California's Song-Beverly Consumer Warranty Act. (*Id.* at ¶¶ 15–17.)

Plaintiff asserts four causes of action against Defendant, all relating to Defendant's alleged violations of California's Song-Beverly Consumer Warranty Act.[1] (*Id.* at 7–11.) Plaintiff seeks actual damages, restitution, a civil penalty in the amount of two times Plaintiff's actual damages pursuant to California Civil Code § 1794(c), and costs and attorney's fees pursuant to California Civil Code § 1794(d). (*Id.* at 11.) On September 3, 2025, Defendant answered Plaintiff's complaint in state court. (Doc. No. 1-2.)

On September 8, 2025, Defendant filed the notice of removal removing the case to this court. (Doc. No. 1.) On October 3, 2025, Plaintiff filed the pending motion to remand. (Doc. No. 9.) On October 17, 2025, Defendant filed an opposition to the pending motion. (Doc. No. 11.) On November 7, 2025, Plaintiff filed a reply. (Doc. No. 12.)

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599

[1] In the motion to remand, Plaintiff asserts that the complaint alleges "violations of the **Federal Magnuson-Moss Warranty Act**." (Doc. No. 9 at 6) (emphasis in original). Contrary to this assertion, Plaintiff brings no claims under the Magnuson-Moss Warranty Act in the complaint.

F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## ANALYSIS

### A. Timeliness

In the pending motion, Plaintiff contends that this matter should be remanded to state court because Defendant's notice of removal was not timely filed. (Doc. No. 9 at 7.) Specifically, Plaintiff asserts that Defendant's notice of removal was filed on September 8, 2025, "2 days after the thirty (30) day deadline for removal, which was September 6, 2025, as prescribed by 28 U.S.C. § 1446(b)(1)." (*Id.*) Under that statute, a removing defendant must file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

However, as Defendant emphasizes in its opposition, Defendant's thirty-day removal deadline—September 6, 2025—fell on a Saturday. (Doc. No. 11 at 10.) Defendant filed the notice of removal on Monday, September 8, 2025, the next court day following the thirty-day deadline. (*Id.*) The Federal Rules of Civil Procedure provide that "in computing any time period specified in . . . any statute that does not specify a method of computing time . . . if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Courts within the Ninth Circuit have repeatedly and consistently held that Rule 6 applies to timeliness calculations under § 1446(b)(1). *Kellman v. Home Depot, LLC*, No. 25-cv-06974-JST, 2025 WL 3097919, at *1 (N.D. Cal. Nov. 6, 2025) ("[C]ourts in this district and elsewhere have consistently held that when the end of the statutory removal period falls on a Saturday, the deadline to file the notice of removal

is the following Monday, assuming that date is not a court holiday.") (collecting cases).

Plaintiff does not address the effect of the Saturday filing deadline in the motion nor the reply. Accordingly, the court finds that Defendant timely filed its notice of removal pursuant to 28 U.S.C. § 1446(b)(1).

**B. Amount in Controversy**

Plaintiff next contends that Defendant fails to establish that the amount-in-controversy exceeds $75,000.00[2] such that the court does not have jurisdiction over this matter.[3] (Doc. No. 9 at 13.)

Defendant seeks to remove this claim based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1 at 3.) Under that statute, the party seeking to remove must demonstrate complete diversity among the parties and an amount in controversy in excess of $75,000. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1332(a)). Complete diversity is not disputed by either party.

Where it is unclear from the face of complaint whether the amount in controversy requirement is satisfied, the removing party bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The amount in controversy includes "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales*, 840 F.3d at 648–49). Conclusory allegations as to the amount in controversy are insufficient. *Id.* (citing *Corral v. Select Portfolio Servicing, Inc.*, 878

---

[2] Plaintiff states that the amount in controversy requirement is $50,000, as that is the amount specifically required for a consumer to bring a claim in federal court under the Magnuson-Moss Warranty Act. (Doc. No. 9 at 13) (citing 15 U.S.C. § 2310(d)(3)(B)). As discussed above, Plaintiff does not bring a claim under the Magnuson-Moss Warranty Act, therefore § 2310 does not apply here.

[3] For the purposes of this order, the court sets aside that Plaintiff's argument as to the amount in controversy is fundamentally contradicted by assertions made in Plaintiff's timeliness argument. (*See* Doc. No. 9 at 12) (stating that "the restitution amount coupled with the demand for civil penalties and attorneys' fees under the Act, not to mention Defendant's sophistication in the market valuation of the vehicles it manufactures and sells, make it clear that the instant action was removable since Defendant was served with a copy of the Complaint and Summons").

F.3d 770, 774 (9th Cir. 2017). In assessing the amount in controversy, the court may consider allegations in the complaint and in the notice of removal, as well as evidence submitted by the parties relevant to the amount in controversy. *Id.*

Plaintiff does not allege monetary damages with specificity in the complaint. In the notice of removal, Defendant estimates the purchase price for the Subject Vehicle as $95,783.00, with "$5,789.72 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity." (Doc. No. 1 at 5.) Accordingly, Defendant estimates actual damages of $89,993.28.[4] (*Id.*)

In the motion to remand, Plaintiff argues that Defendant's reliance on the manufacturer's suggested retail price is insufficient, and that Defendant "ignores the statutory mileage offset, which reduces any restitution award by the amount 'directly attributable to use by the buyer prior to the discovery of the nonconformity.'" (Doc. No. 9 at 14) (citing Cal. Civ. Code § 1793.2(d)). As addressed above, and contrary to Plaintiff's assertion, Defendant explicitly accounts for the statutory mileage offset in calculating the amount in controversy. Further, in the opposition, Defendant attaches the sales contract for the Subject Vehicle showing an actual sale price of $95,783.00, and the Subject Vehicle's repair history showing the mileage on the Subject Vehicle at the time it was first brought to Defendant for repair. (Doc. Nos. 11-2 at 2; 11-3 at 6.) Using these numbers, Defendant analyzes how it arrived at the actual damages determination of $78,945.20 using calculations established under California law. (Doc. No. 11 at 16) (citing *Stupin v. Gen. Motors LLC*, No. 2:23-cv-06493-SVW-MAA, 2024 WL 811706, at *2 (C.D. Cal. Feb. 27, 2024).

In reply, Plaintiff contends that this estimate is insufficient to satisfy Defendant's burden because "Defendant offers no competent evidence quantifying damages, penalties, or fees," and emphasizes that several courts have found it insufficient to cite a vehicle purchase price "without accounting for finance charges, evidence concerning when repairs were made, or anything else

---

[4] In the opposition, Defendant reduces this number to $78,945.20 and contends that this lower number "is more precise than its estimate in the notice of removal." (Doc. No. 11 at 20 n.4) (noting that notice of removal requires only plausible estimate of offsets). Using either number, the estimated actual damages alone satisfy the amount-in-controversy requirement.

that would allow the Court to reliably estimate actual damages." (Doc. No. 12 at 10) (quoting *Jackson v. Mercedes-Benz USA*, No. 5:20-cv-01681-DOC-KK, 2020 WL 7090839, at *2 (C.D. Cal. Dec. 2, 2020)). However, as addressed above, Defendant attaches the sales contract and repair history to its opposition. (Doc. Nos. 11-2, 11-3.) Further, Defendant calculates that based on the loan terms in the purchase agreement, as of filing in October 2025, Plaintiff had made approximately 44 monthly payments of $1,170.55 each. (Doc. No. 11 at 19.) Defendant further contends that "it would be reasonable to estimate at least 12 additional monthly payments" would accrue before resolution of this matter, leaving $0 in unpaid financing. (*Id.*) Plaintiff does not dispute the veracity of the sales agreement and service history or provide any alternative argument as to why Defendant's calculations are incorrect. Thus, the court finds that Defendant has established, by a preponderance of the evidence, that the alleged actual damages exceed $75,000, and therefore the amount in controversy threshold is satisfied.[5] *See Ortiz v. Gen. Motors, LLC*, No. 5:25-cv-01921-MRA-JPR, 2026 WL 145873, at *3 (C. D. Cal. Jan. 16, 2026) (stating that even if sales contract did not allow "Defendant to calculate the exact dollar value with specificity," knowledge of the purchase price, finance charges, down-payment amount, and payment terms "supplied all figures needed to calculate actual damages, apply the statutory mileage offset, and determine whether" the jurisdictional threshold was satisfied).

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motion to remand (Doc. No. 9) is DENIED; and

/////

/////

/////

/////

/////

---

[5] Because the court finds that Plaintiff's alleged actual damages exceed the jurisdictional threshold, it need not address the parties' arguments relating to the effect of civil penalties and attorneys' fees on the amount in controversy.

2. Within thirty days of the date of entry of this order, the parties are DIRECTED to file a joint status report regarding scheduling pursuant to this court's initial case management order (Doc. No. 4).

IT IS SO ORDERED.

Dated: **July 29, 2026**

Dena Coggins
United States District Judge